IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND LAIRD DAVIS, JR.<br><br>Defendant. | Case No. 1:25-CR-203<br><br>Count 1: Possession with Intent to Distribute Cocaine<br>(21 U.S.C. § 841(a), (b)(1)(C))<br><br>Count 2: Possession with Intent to Distribute Fentanyl<br>(21 U.S.C. § 841(a), (b)(1)(C))<br><br>Count 3: Possession with Intent to Distribute 3,4-Methylenedioxymethamphetamine<br>(21 U.S.C. § 841(a), (b)(1)(C))<br><br>Count 4: Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime<br>(18 U.S.C. § 924(c)(1)(A))<br><br>Count 5: Felon in Possession of a Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Forfeiture Notice |

**INDICTMENT**
July 2025 Term – at Alexandria, Virginia

COUNT ONE
(Possession with Intent to Distribute Cocaine)

THE GRAND JURY CHARGES THAT:

On or about February 14, 2025, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, RAYMOND LAIRD DAVIS JR, did knowingly possess with

1

the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).)

## COUNT TWO
(Possession with Intent to Distribute Fentanyl)

THE GRAND JURY CHARGES THAT:

On or about February 14, 2025, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, RAYMOND LAIRD DAVIS, JR., did knowingly possess with the intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).)

## COUNT THREE
(Possession with Intent to Distribute Methylenedioxymethamphetamine)

THE GRAND JURY CHARGES THAT:

On or about February 14, 2025, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, RAYMOND LAIRD DAVIS, JR., did knowingly possess with the intent to distribute a mixture and substance containing a detectable amount of 3,4-methylenedioxymethamphetamine, commonly known as MDMA, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).)

## COUNT FOUR
(Using and Carrying a Firearm During and in Relation to a Drug Trafficking Case)

THE GRAND JURY CHARGES THAT:

On or about February 14, 2025, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, RAYMOND LAIRD DAVIS, JR., did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, possession with intent to distribute cocaine, possession with intent to distribute fentanyl, and possession with intent to distribute MDMA, in violation of Title 21, United States Code, Section 841(a)(1), as set forth and charged in Counts 1-3 of this Indictment, respectively, and did knowingly possess a firearm in furtherance of those drug trafficking crimes.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

## COUNT FIVE
(Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 14, 2025, in Prince William County, Virginia, within the Eastern District of Virginia, the defendant, RAYMOND LAIRD DAVIS, JR., knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Glock 47 .40 caliber pistol bearing serial number BMAV115, and a Masterpiece Arms 9mm pistol bearing serial number B13099, privately made firearm Glock style pistol bearing no serial number but stamped Geisler Defense and made in Israel, said firearms having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE, AS DESCRIBED BELOW:

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant, RAYMOND LAIRD DAVIS, JR., is hereby notified that, if convicted of any of the offenses alleged in this Indictment, he shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the offense.

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant, RAYMOND LAIRD DAVIS, JR., is hereby further notified that, if convicted of the offense alleged in Counts 1 through 3 of this Indictment, he shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), the following: (1) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and (2) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The property subject to forfeiture includes, but is not limited to, the following:

i. Glock 47 .40 caliber pistol bearing serial number BMAV115;

ii. Masterpiece Arms 9mm pistol bearing serial number B13099;

iii. Privately made firearm Glock style pistol bearing no serial number stamped Geisler Defense and made in Israel;

iv. Nine rounds of mixed .40W ammunition;

v. Thirty-two rounds of 9mm ammunition;

vi. $10,811.53.

Pursuant to Title 21, United States Code, Section 853(p), the defendant, RAYMOND LAIRD DAVIS, JR., shall forfeit substitute property, if, by any act or omission of the defendant, RAYMOND LAIRD DAVIS, JR., the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(All pursuant to Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

FOREPERSON

Erik S. Siebert
United States Attorney

By: _____
Lauren N. Weed
Special Assistant United States Attorney

Ronald L. Walutes, Jr.
Assistant United States Attorney